JL

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bryce W. Smith, | No. CV 17-03160-PHX-DGC (DMF) |
| Plaintiff, | |
| v. | **ORDER** |
| Correctional Health Services, et al., | |
| Defendants. | |

On September 11, 2017, Plaintiff Bryce W. Smith, who is confined in a Maricopa County Jail, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis. In a January 18, 2018 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On February 23, 2018, Plaintiff filed his First Amended Complaint. In a June 22, 2018 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

On July 23, 2018, Plaintiff filed a Second Amended Complaint (Doc. 14). The Court will dismiss the Second Amended Complaint and this action.

….

## I. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

As the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

## II. Second Amended Complaint

In his three-count Second Amended Complaint, Plaintiff sues Maricopa County, Maricopa County Sheriff's Office Detention Officers Eide and Mendoza, and Dietitian

Eileen Cowles. Plaintiff asserts claims for threats to safety and denial of basic necessities. He seeks monetary relief.

In Count One, Plaintiff alleges that Defendant Eide made an intentional decision not to protect Plaintiff when Nurse Pam made him aware that she had received a Health Needs Request with "PREA! Being threatened by inmates written on it." Plaintiff contends that this decision put him at substantial risk of physical harm and that Eide did not take measures available to abate that risk, such as following PREA guidelines and removing Plaintiff from the pod. Plaintiff asserts that by not taking these measures and by not following federal guidelines, Eide is responsible for Plaintiff's broken hand, large hematoma, and "the massive concussion sustained." Plaintiff alleges that Eide acted under the color of law and in accordance with "policy and procedure handed down by Sheriff Paul Penzone." Plaintiff claims that he has grieved Eide "to no avail[,] no relief was given."

In Count Two, Plaintiff alleges that for close to one year, he has been denied the proper calories needed to adhere to government requirements. Plaintiff asserts that he is on a medical soft diet, yet Defendant Cowles, the registered dietitian and menu planner, refuses to "prescribe and plan for something" that Plaintiff can eat. Plaintiff claims that every day, he is served a "fried/grilled bean and rice patty that is crunchy and too hard for [P]laintiff to eat," and as a result, he is not getting the recommended daily calories and/or vitamins and nutrients. Plaintiff alleges that he has filed several grievances "to no avail, no relief at all has been given and [P]laintiff is in jeopardy of losing weight due to inability to eat crunchy brittle food that goes against the medical diet prescribed for [him]." Plaintiff contends that Cowles has the authority to change the menu to eggs or to change the way the bean patties are cooked, yet she "refuses to do so and this is deliberate indifference at its highest form." As his injury, Plaintiff claims that he is losing weight and not receiving adequate daily calories and nutrients.

In Count Three, Plaintiff alleges that Defendant Eide, acting under color of law and under "policy and procedure of Paul Penzone," continually makes intentional

decisions not to punish "those caught making 'hooch.'" Plaintiff contends that those decisions put him at substantial risk of harm, and Eide did not take reasonable measures to abate that risk. Plaintiff asserts that Eide is responsible for the injuries inflicted on Plaintiff and that Eide failed to protect Plaintiff "even after he was made aware of" imminent and immediate danger. Plaintiff claims that he grieved Eide "to no avail" and no relief was given. As his injury, Plaintiff alleges that he suffered a broken hand, large hematoma, and constant fear of inmates and staff.

### III. Failure to State a Claim

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id*.

#### A. Maricopa County

A municipality may not be sued solely because an injury was inflicted by its employees or agents. *Long v. County of Los Angeles,* 442 F.3d 1178, 1185 (9th Cir. 2006). The actions of individuals may support municipal liability only if the employees were acting pursuant to an official policy or custom of the municipality. *Botello v. Gammick*, 413 F.3d 971, 978-79 (9th Cir. 2005). A § 1983 claim against a municipal defendant "cannot succeed as a matter of law" unless a plaintiff: (1) contends that the

municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy or custom caused the plaintiff' s injury. *Sadoski v. Mosley*, 435 F.3d 1076, 1080 (9th Cir. 2006) (affirming dismissal of a municipal defendant pursuant to Fed. R. Civ. P. 12(b)(6)). Plaintiff has failed to allege facts to support that Defendant Maricopa County maintained a specific policy or custom that resulted in a violation of his federal constitutional rights and has failed to explain how his injuries were caused by any municipal policy or custom. Plaintiff's references to policies and procedures "handed down" by Maricopa County Sheriff Paul Penzone are insufficient. Thus, the Court will dismiss prejudice Defendant Maricopa County.

### B. Defendant Mendoza

Plaintiff does not connect any of the allegations in the Second Amended Complaint to Defendant Mendoza. Accordingly, Plaintiff has failed to state a claim against Mendoza, and this Defendant will be dismissed.

### C. Conditions of Confinement

A pretrial detainee has a right under the Due Process Clause of the Fourteenth Amendment to be free from punishment prior to an adjudication of guilt. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). A pretrial detainee may therefore allege a cause of action under the Due Process Clause where conditions of confinement, such as food, clothing, shelter, medical care, and personal safety, "amount to punishment." *Bell*, 441 U.S. at 535; *see DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200 (1989). Conditions amount to punishment when: (1) the conditions result in a sufficiently serious denial of the minimum standard of care, and (2) the official's actions or omissions with respect to the conditions are objectively unreasonable, such that it can be inferred that those conditions are imposed for the purpose of punishment. *Kingsley v. Hendrickson*, ___ U.S. ___, 135 S. Ct. 2466, 2473 (2015); *Bell*, 441 U.S. at 538; *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1070-71 (9th Cir. 2016). Thus, to state a claim of unconstitutional conditions of confinement against an individual defendant, a pretrial detainee must allege facts that show:
> (i) the defendant made an intentional decision with respect to

> the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

Whether the conditions and conduct rise to the level of a constitutional violation is an objective assessment that turns on the facts and circumstances of each particular case. *Id.*; *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005). A "de minimis level of imposition" is insufficient. *Bell*, 441 U.S. at 539 n.21. In addition, the "'mere lack of due care by a state official' does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Castro*, 833 F.3d at 1071 (quoting *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)). Thus, a plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.* The same standards apply to a pretrial detainee's threat-to-safety or failure-to-protect claim. *Id.*

### 1. Counts One and Three

Plaintiff fails to state a threat-to-safety claim. Plaintiff's conclusory allegations in Count One that Defendant Eide made an intentional decision not to protect Plaintiff, Eide's alleged decision put Plaintiff at substantial risk of physical harm, Eide did not take measures available to abate that risk, and Eide is responsible for Plaintiff's injuries, are insufficient to state a claim. Plaintiff does not provide any details about the alleged threat identified in the Health Needs Request or any facts to show that Eide's failure to act caused Plaintiff's injuries.

Plaintiff makes similarly conclusory allegations in Count Three. Plaintiff alleges that Eide continually makes decisions not to punish "those caught making 'hooch,'" those decisions put Plaintiff at substantial risk of serious harm, and Eide did not take reasonable measures to abate the risk. But Plaintiff does not provide any facts regarding Eide's conduct. Plaintiff does not explain how Eide's alleged failure to punish those

1 caught making "hooch" put Plaintiff at substantial risk of serious harm or how punishing
2 them would have abated the risk to Plaintiff. Thus, Plaintiff has failed to state a claim in
3 Counts One and Three, and these counts will be dismissed.

### 2. Count Two

The Fourteenth Amendment requires "only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing." *LeMaire v. Maass*, 121 F.3d 1444, 1456 (9th Cir. 1993) (citations omitted). "The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation." *Id.* (quoting *Hamm v. Dekalb County*, 774 F.2d 1567, 1575 (9th Cir. 1985). An inmate may, however, state a claim where he alleges that he is served meals with insufficient calories for long periods of time. *Id.*

Plaintiff fails to state a conditions-of-confinement claim in Count Two. Although Plaintiff alleges that he has been denied "the proper calories" for close to one year, he does not explain why he believes his meals are calorically inadequate without the bean and rice patties. Plaintiff claims he has lost weight, but he does not allege that he has lost significant weight or even approximate the weight he has lost. Moreover, although Plaintiff alleges that Defendant Cowles refuses to "prescribe and plan for something" that Plaintiff can eat, he does not provide any details about whether, how, and when he informed Cowles that he could not eat the patties, the response, if any, by Cowles, and how Cowles' action or inaction put him at substantial risk of suffering serious harm. Similarly, Plaintiff alleges that Cowles "has authority" to change the menu to eggs or to change the way the patties are cooked, but even if he has sufficiently alleged facts to support that assertion, Plaintiff has failed to allege facts to support that Cowles knew or should have known that Plaintiff could not eat the patties. Plaintiff fails to state a claim in Count Two, and it will be dismissed.

### IV. Dismissal without Leave to Amend

Because Plaintiff has failed to state a claim in his Second Amended Complaint, the Court will dismiss his Second Amended Complaint. "Leave to amend need not be given

if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. *Moore*, 885 F.2d at 538.

Plaintiff has made three efforts at crafting a viable complaint and appears unable to do so despite specific instructions from the Court. The Court finds that further opportunities to amend would be futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's Second Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1) Plaintiff's Second Amended Complaint (Doc. 14) and this action are **dismissed** for failure to state a claim, and the Clerk of Court must enter judgment accordingly.

(2) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(3) The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal of this decision would be taken in good faith and finds Plaintiff may appeal in forma pauperis.

Dated this 27th day of July, 2018.

_____
David G. Campbell
United States District Judge